■ In the Matter of the Claim of ROGER MATTIS et al., Appellants, v. INTERNATIONAL PAPER CO., Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— SWEENEY, J. Appeal from a decision of the Workmen's Compensation Board, filed January 22, 1969, denying compensation to claimants on the ground of no dependency. James Mattis, age 18, was killed in an accident on August 9, 1966 while employed by the International Paper Company. Claimant father was employed as a postmaster from May 23, 1964 and testified that he earned $440 per month. For several years prior to this he operated a dairy farm. In February, 1966 he sold the dairy, but retained the farm and lived on it with his family, including decedent. There was testimony that decedent, after graduating from high school in June of 1966, worked for a lumber company and contributed $10 to $20 per week to help pay a hireling for work formerly done by decedent on the farm. There was also testimony that before going to work for the International Paper Company he agreed with his father to pay $25 per week for the same purpose. He died before he could make any of the $25 payments. The father testified he did not depend on the farm for support, but kept it up in the hopes that one of his sons would some day take it over and operate it. The board found that neither of claimant parents were dependent upon the decedent for support, within the meaning of the Workmen's Compensation Law. The sole question is whether there is substantial evidence to support this finding. We believe there is. Since the questions of dependency and contributions are factual ones, we should not disturb the board's finding. (*Matter of Zelizer* v. *Prospect Inn*, 28 A D 2d 1034; *Matter of Holloway* v. *Camp Hatikvah*, 14 A D 2d 638.) Decision affirmed, without costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Sweeney, J.